# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

GARY BAER and JODI BAER      :
     :
     Plaintiffs,      :
     v.      :      Civil Action No. 06-0065-SLR
     :
THE UNITED STATES OF AMERICA,      :
     :
     Defendant.      :

## ANSWER

COMES NOW, the United States of America ("Defendant"), by its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Seth M. Beausang, Assistant United States Attorney, and answers Plaintiffs' Complaint as follows:

### JURISDICTION AND VENUE

1.     Paragraph 1 of Plaintiffs' Complaint states a legal conclusion to which no response is required.

2.     Paragraph 2 of Plaintiffs' Complaint states a legal conclusion to which no response is required.  To the extent Paragraph 2 of Plaintiffs' Complaint is construed to state factual allegations, Defendant admits that the United States Postal Service ("USPS") issued a denial of Plaintiffs' claims on May 6, 2005, that Plaintiffs made a request for reconsideration which was received by the USPS on June 13, 2005, and that the USPS did not decide Plaintiffs' request for reconsideration within six months, i.e., by December 13, 2005.

3.     Paragraph 3 of Plaintiffs' Complaint states a legal conclusion to which no response is required.

## PARTIES

4.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 4 of Plaintiffs' Complaint and, therefore, denies those allegations.

5.      Defendant admits the allegations in Paragraph 5 of Plaintiffs' Complaint.

## BACKGROUND

6.      Defendant admits that on or about February 4, 2003, Plaintiff Gary Baer was working on the a loading dock at the USPS Processing and Distribution Center located in Wilmington, Delaware on Quigley Boulevard.  Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 6 of Plaintiffs' Complaint and, therefore, denies those allegations.

7.      Defendant denies the allegations in Paragraph 7 of Plaintiffs' Complaint.

## COUNT I

8.      Defendant incorporates by reference its responses contained in Paragraphs 1 through 7 of this Answer as if fully set forth herein.

9.      Defendant denies the allegations in Paragraph 9 of Plaintiffs' Complaint, including the allegations contained in subparagraphs (a) through (f).

10.     Defendant admits that at the time of the occurrence alleged in Plaintiffs' Complaint that William W. White was acting within the scope and course of his employment with the USPS.  Defendant denies the remaining allegations in Paragraph 10 of Plaintiffs' Complaint.

11.     Defendant denies the allegations in Paragraph 11 of Plaintiffs' Complaint.

12.     Defendant denies the allegations in Paragraph 12 of Plaintiffs' Complaint.

2

## COUNT II

13.    Defendant incorporates by reference its responses contained in Paragraphs 1 through 12 of this Answer as if fully set forth herein.

14.    Defendant denies the allegations in Paragraph 14 of Plaintiffs' Complaint, including the allegations contained in subparagraphs (a) through (e).

15.    Defendant denies the allegations in Paragraph 15 of Plaintiffs' Complaint.

16.    Defendant denies the allegations in Paragraph 16 of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

1.    Plaintiffs' Complaint fails to state a claim upon which relief may be granted and, therefore, must be dismissed with prejudice.

2.    Plaintiffs' damages and injuries, if any, were entirely caused by the negligent conduct of Plaintiff Gary Baer or, in the alternative, Plaintiff Gary Baer's own fault is comparatively greater than any fault on the part of Defendant and exceeds 51%, meaning Plaintiffs' claims are barred by 10 Del. C. § 8132.

3.    Plaintiffs' damages and injuries, if any, were entirely or partly caused by acts that were not reasonably foreseeable to Defendant.

4.    Plaintiffs' recovery, if any, is limited to the damages recoverable under the Federal Tort Claims Act.

5.    Pursuant to 28 U.S.C. § 2675(b), Plaintiffs are prohibited from claiming or recovering any amount, if any, against the Defendant in excess of that set forth in the claims they presented to the USPS.

3

6.      Pursuant to 28 U.S.C. § 2412(d)(1)(A), Plaintiffs cannot recover attorney's fees from the Defendant.

7.      Pursuant to 28 U.S.C. § 2674, Plaintiffs cannot recover any amount for pre-judgment interest from the Defendant.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant respectfully moves this Court to dismiss Plaintiffs' Complaint, for its costs incurred herein, and for such further relief as is just and proper.

Dated: April 11, 2006.

Respectfully submitted,

COLM F. CONNOLY
United States Attorney

By: /s/ Seth M. Beausang
    Seth M. Beausang (DE I.D. No. 4071)
    Assistant United States Attorney
    1007 N. Orange Street, Suite 700
    P.O. Box 2046
    Wilmington, Delaware 19899-2046
    (302) 573-6277, ext. 149
    (302) 573-6220 (fax)
    Seth.Beausang@usdoj.gov

OF COUNSEL
Stanford M. Bjurstrom
Attorney
United States Postal Service
Law Department-National Tort Center
P.O. Box 66640
St. Louis, Missouri 63166-6640
(314) 872-5120
(314) 872-5192 (fax)

## CERTIFICATE OF SERVICE

I, **Seth M. Beausang,** hereby certify that on **April 11, 2006,** I electronically filed an **ANSWER** with the Clerk of Court using CM/ECF.  Notification of such filing will be electronically mailed to the following::

**Vincent A. Bifferato, Jr., Esquire**
200 Biddle Avenue, Suite 203
Springside Plaza
Newark, Delaware 19702
(302) 429-1900
(302) 832-7540 (fax)
vabjr@bgbblaw.com

/s/ Seth M. Beausang
Seth M. Beausang (DE I.D. No. 4071)
Assistant United States Attorney
1007 N. Orange Street, Suite 700
P.O. Box 2046
Wilmington, Delaware 19899-2046
(302) 573-6277, ext. 149
(302) 573-6220 (fax)
Seth.Beausang@usdoj.gov