IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GARY BAER AND JODI BAER, | ) |
| | ) Civ. No. 06-065-SLR |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## JOINT PRETRIAL ORDER

Pursuant to Local Rule 16.4(c), Plaintiffs Gary Baer and Jodi Baer and The United States of America hereby submit their Joint Pretrial Order for approval by the Court.

### I.   NATURE OF THE ACTION AND THE PLEADINGS

This is a personal injury action pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346, *et. seq.* Plaintiffs filed their Complaint on January 31, 2006. Defendant filed its Answer on April 11, 2006.

Plaintiff Gary Baer seeks compensation for general and special damages as a result of personal injuries suffered on February 24, 2003 at the United States Postal Service (hereinafter referred to as "USPS") offices at Hares Corner, the Quigley Boulevard branch, New Castle, Delaware. Plaintiff Gary Baer was present at the aforementioned USPS offices as an employee of R.E. Calloway Transport as a Commercial Driver. The USPS contracted with R.E. Calloway Transport for the transportation of mail from the Quigley Boulevard branch of the USPS to various other USPS branches throughout New Castle County. As a driver for R.E. Calloway Transport, Plaintiff Gary Baer's duties included driving to the Quigley Boulevard USPS branch, backing his

truck to the loading docks and loading large heavy gauge plastic containers, approximately six (6) feet tall and four (4) feet wide, known as "all purpose containers" or "APCs" from the loading dock onto the back of his commercial vehicle. The APCs have wheels on the bottom, as well as a brake to lock the wheels to prevent the APC from rolling. At approximately 4:20 a.m. on February 24, 2003, Plaintiff Gary Baer was standing on the loading docks of the Quigley Boulevard USPS branch in the process of loading APCs into the rear of his truck. At the same time and place, an employee of the USPS, William A. White, was operating a motorized vehicle known as a "Mule," pulling APCs along the loading dock. The Mule operated by William A. White struck an APC in the vicinity of Plaintiff Gary Baer causing Plaintiff Gary Baer's right hand to become jammed between two (2) APCs injuring Plaintiff Gary Baer's right hand.

Defendant admits that it was negligent proximately causing injury to Plaintiff Gary Baer.

## II.     BASIS FOR FEDERAL JURISDICTION

This is an action for personal injuries pursuant to the Federal Torts Claim Act located at 28 U.S.C. §1346(b)(1). Venue is proper pursuant to 28 U.S.C. §1402. Jurisdiction and venue are uncontested.

## III.    FACTS WHICH ARE ADMITTED

1.  Defendant admits that it and/or its employees acting in the course and scope of their employment were negligent in a manner proximately causing injuries to Plaintiff Gary Baer and Plaintiff Jodi Baer, except that Defendant will contest that certain damages claimed by Plaintiff are not causally related to Defendant's negligence.

2.  Admitted that pursuant to the United States Life Tables for the population category white male, Plaintiff Gary Baer has a median terminal age of 78.01 years, or a life expectancy of 27.9 years, subject to Plaintiffs' counsel providing copies of said Life Tables prior to trial and Defendant's agreement therewith.

## IV.  STATEMENT OF ISSUES OF FACT REMAINING TO BE LITIGATED

1.  The nature and extent of Plaintiff Gary Baer's damages for personal injury including, but not limited to, general and special damages in the form of past and future pain and suffering, past and future medical expenses and past lost wages.

2.  The nature and extent of Plaintiff Jodi Baer's damages for loss of consortium.

3.  (Mixed question of fact and law) Whether any "increased amount" that Plaintiffs seek to recover in excess of the amounts presented in their Administrative Claims are "based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim." See 28 U.S.C. § 2675(b).

## V.  STATEMENT OF LAW REMAINING TO BE LITIGATED.

1.  (Mixed question of fact and law) Whether any "increased amount" that Plaintiffs seek to recover in excess of the amounts presented in their Administrative Claims are "based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim." See 28 U.S.C. § 2675(b).

2.  Whether Plaintiff's future medical expenses should be offset by monies he will receive from Medicare. See, e.g., Overton v. United States, 619 F.2d 1299, 1308-09 (8th Cir. 1980).

## VI. EXHIBITS

**BY PLAINTIFFS:**

1. Plaintiff Gary Baer's Claim for Damage, Injury or Death, USPS Administrative Claim Form 95-109 dated January 18, 2005.

2. Plaintiff Jodi Baer's Claim for Damage, Injury or Death, USPS Administrative Claim Form 95-109 dated February 18, 2005.

3. Anatomical model of the human hand.

4. Plaintiff Gary Baer's medical bills and an itemization thereof.

5. Plaintiff Gary Baer's medical records (to be contained in an indexed binder).

6. A timeline of Plaintiff Gary Baer's medical treatment;

7. Plaintiff Gary Baer's W-2s and Tax Returns for the years 2002, 2003, 2004, 2005 and 2006.

8. A chart itemizing Plaintiff Gary Baer's past lost wages.

9. A chart itemizing Plaintiff Gary Baer's future medical expenses.

10. Plaintiff Gary Baer's prescription records.

11. The deposition of Randeep Kahlon, M.D., dated July 17, 2007.

12. The deposition of Plaintiff Gary Baer, dated February 6, 2007.

13. The video and transcript of Randeep Kahlon, M.D.'s Video Trial Deposition.

14. The defense medical examination reports of Stuart Trager, M.D.

Plaintiffs reserve the right to rely upon any exhibits identified by Defendant.

**BY DEFENDANT:**

1. Plaintiff Gary Baer's medical records, including his prescription records.

2. The deposition of Randeep Kahlon, M.D., dated July 17, 2007.

3. The deposition of Randeep Kahlon, M.D., dated July 14, 2005.

4. The video and transcript of Stuart Trager, M.D.'s Video Trial Deposition.

Defendant reserves the right to object to any exhibits that it has not yet had an opportunity to review.

The parties have agreed that documents used solely for impeachment or cross-examination need not be listed on their respective exhibit list.

The parties have endeavored in good faith to include on their respective exhibit lists those exhibits they anticipate will be used in rebuttal with respect to their respective claims. However, the parties reserve the right to introduce any exhibit listed by the other party (subject to any valid evidentiary objection by the other party) and to supplement the trial exhibit list in response to evidence introduced at trial, provided, however, that no exhibit shall be admitted into evidence unless identified in this Order or unless leave of Court is obtained for good cause shown.

The demonstrative exhibits have not been identified on the Parties trial exhibit list. The parties will exchange or provide each other with the opportunity to review, propose, initial the demonstrative exhibits prior to trial. The Parties' objection to the other party's proposed initial demonstrative exhibits, shall be exchanged prior to trial. The Parties reserve the right to create demonstrative exhibits based upon testimony given at trial.

VII.  **WITNESS (INCLUDING WITNESSES TESTIFYING VIA DEPOSITION)**

**BY PLAINTIFFS:**

1. Plaintiffs Gary and Jodi Baer.

2. Robert Wolfe, Ed.D., M.B.A. - Economist (via read-in deposition), 1939 Route 70 East, Suite 120, Cherry Hill, New Jersey 08003

3. Randeep Kahlon, M.D., Orthopaedic Surgeon (via video deposition), First State Orthopaedics, Medical Arts Pavilion I, Suite 238, 4745 Ogletown-Stanton Road, Newark, Delaware 19713.

Plaintiffs reserve the right to call any witness identified by Defendant.

**BY DEFENDANT:**

1. Stuart Trager, M.D. (Defendant's expert).

Defendant reserves the right to call any witness identified by Plaintiff.

No witnesses shall be permitted to testify unless identified in this Order, or unless the Court should determine that such witness should be called in the interest of justice.

VIII. **STATEMENTS OF INTENDED PROOFS**

**BY PLAINTIFFS:**

Plaintiffs intend to prove that as a result of the February 24, 2003 incident (for which Defendant has admitted liability), Plaintiff Gary Baer suffered serious and permanent injuries to his right wrist and hand causing past and future pain and suffering, past and future medical expenses and past lost wages. Further, Plaintiffs intend to prove that all medical treatment received by Plaintiff Gary Baer and all medications prescribed for Plaintiff Gary Baer and the cost thereof were reasonable, necessary and causally related to the February 24, 2003 incident. Plaintiffs also intend

6

to prove that all periods of disability and lost wages associated therewith were reasonable, necessary and causally related to the February 24, 2003 incident. Plaintiff Jodi Baer, the spouse of Plaintiff Gary Baer, has suffered the loss of the care, comfort, companionship and consortium of her husband, as a result of his injuries and damages.

Plaintiffs intend to prove that they are entitled to an award of damages in excess of the amount claimed in their Administrative Claim Forms with the USPS because of newly discovered evidence not reasonably discoverable at the time of presenting their Administrative Claim and/or due to the subsequent occurrence of intervening facts justify an award greater than that which was claimed in the Administrative Claim Form, Claim for Damage, Injury or Death, USPS Form 95-109, filed by Plaintiff Gary Baer on January 18, 2005 and Plaintiff Jodi Baer on February 18, 2005.

**BY DEFENDANT:**

Plaintiffs have the burden to show newly discovered evidence or intervening facts that would allow them to recover more than the amounts of their administrative claims. See, e.g., Schwartz v. United States, 446 F.2d 1380, 1381-82 (3d Cir. 1971). The Defendant submits that Plaintiffs will not be able to meet their burden.

Defendant also submits that Plaintiffs will not be able to meet their burden to prove that many of the damages they claim are causally related to the negligence of the Defendant.

## IX. AMENDMENTS OF THE PLEADINGS

The parties stipulate that the Pleadings shall be amended consistent with the evidence presented at trial.

## X. DISCUSSIONS ON SETTLEMENT

The parties held a mediation conference before U.S. Magistrate Mary Pat Thynge on April 17, 2007. The parties have scheduled a second Mediation with Judge Poppiti in his offices on December 6, 2007.

## XI. OUTSTANDING MATTERS

None.

## XII. MISCELLANEOUS

Defendant requests that, should the Court conclude as a matter of law that Defendant can offset from any judgment for future medical expenses monies that will be paid by Medicare, that the Defendant be permitted to supplement the record, possibly pursuant to a joint stipulation, with the amounts that Medicare will pay for Plaintiffs' future prescriptions and other medical expenses.

## XIII. ORDER TO CONTROL COURSE OF ACTION

This Order shall control the subsequent course of the action unless modified by the Court to prevent manifest injustice.

Respectfully Submitted,

**BIFFERATO GENTILOTTI LLC**

/s/Vincent A. Bifferato, Jr.
Vincent A. Bifferato, Jr., Esq. (DE ID#2465)
David A. Denham Esquire (DE ID#4240)
Springside Plaza
100 Biddle Avenue, Suite 100
Newark, DE 19702
Telephone No.: (302) 429-1900
Facsimile No.: (302) 832-7540
**Attorneys for Plaintiffs**

/s/ Seth M. Beausang
Seth M. Beausang, Esquire (DE ID#4071)
Assistant United States Attorney
U.S. Attorney's Office
1007 Orange Street, Suite 700
Post Office Box 2046
Wilmington, DE 19899-2046
Telephone No.: (302) 573-6277, ext. 149
Facsimile No.: (302) 573-6220
**Attorney for Defendant**